# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GARCIA,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>JEFFREY BEARD, Secretary,<br><br>　　　　　　　　　Respondent. | Civil No.　15cv1975-LAB (BLM)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　Petitioner, a state prisoner proceeding pro se, has submitted a document which has been docketed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, in which he requests an extension of time to file a habeas petition in this Court challenging his state conviction.

　　　Petitioner has not filed a Petition for a writ of habeas corpus in this action.  Therefore, unless Petitioner is a capital prisoner, he has not initiated habeas proceedings in this Court. Calderon (Nicolaus) v. United States District Court, 98 F.3d 1102, 1107 n. 3 (9th Cir. 1996) ("Unlike non-capital prisoner who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel."); McFarland v. Scott, 512 U.S. 849 (1994).

　　　Petitioner does not contend that he is a capital prisoner, that is, a prisoner under sentence of death, and there is nothing in the documents he has submitted which indicates that he is a capital prisoner.  If Petitioner wishes to proceed with a habeas action in this Court he must (as is the case with all non-capital prisoners) file a petition for a writ of habeas corpus, which will

be given a separate civil case number. However, if Petitioner is in fact a capital prisoner, he may request the Court to re-open this action in order to permit him to file a Petition under the civil case number assigned to this action.

The Court cautions Petitioner that there is a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations is tolled while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). But see <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), <u>as amended</u> 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

/ / /

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

## CONCLUSION AND ORDER

This action is **DISMISSED** without prejudice because Petitioner has not filed a Petition and has therefore failed to initiate federal habeas proceedings in this action. If Petitioner is a capital prisoner he may request to have this case reopened. If Petitioner is a non-capital prisoner, he may file a petition for a writ of habeas corpus which will be given a separate civil case number. The Clerk of Court shall send Petitioner a blank Southern District of California form Petition for Writ of Habeas Corpus by a Person in State Custody, and a blank Southern District of California in forma pauperis application form.

**IT IS SO ORDERED.**

DATED: September 16, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge